IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| NOREL STERLING WARD, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:20-cv-00120 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| SGT. M. B. BARTON, *et al.*, | ) | By:    Hon. Thomas T. Cullen |
| | ) |            United States District Judge |
| Defendants. | ) | |

Plaintiff Norel Sterling Ward, a Virginia inmate proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983, alleging that correctional officers at Red Onion State Prison failed to return certain items of his personal property after he was moved to segregation. Having reviewed the complaint, the court concludes that Ward has failed to state a cognizable federal claim. Therefore, the court will dismiss the § 1983 complaint without prejudice under 28 U.S.C. § 1915A(b)(1).

I.

Ward alleges that he and his cellmate were moved to segregation on October 13, 2019, after Ward reported being threatened by his cellmate. (Compl. 2 [ECF No. 1].) Correctional officers then inventoried and packed the personal property left in the cell. (*Id.*) When Ward's personal property was returned to him, he discovered that several items were missing, including two pairs of headphones, a winter hat, and a pair of shower shoes. (*Id.*) Ward alleges that correctional officers "deliberately" confiscated the items because they are "prejudice[d] towards [him]." (*Id.*)

While in segregation, Ward also "had legal documents . . . come up missing." (*Id.*) Ward alleges that he needs the documents for a "state habeas corpus" case that he is "still litigating." (*Id.*) Ward further alleges that "this has been stressing [him] out" and that he "want[s his] personal property back." (*Id.*) He seeks to recover damages for the loss of property and for emotional distress. (*Id.* at 3.)

## II.

The court is required to review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). On review, the court must "dismiss the complaint, or any portion of the complaint, if the complaint . . . fails to state a claim upon which relief may be granted." *Id.* § 1915A(b)(1). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III.

Section 1983 imposes liability on any person who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "To state a claim under § 1983[,] a plaintiff 'must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.'" *Loftus v. Bobzien*, 848

F.3d 278, 284–85 (4th Cir. 2017) (quoting *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011)). For the following reasons, the court concludes that Ward's complaint fails to state a plausible claim for relief under § 1983.

To the extent Ward alleges that correctional officers deliberately confiscated or destroyed his personal property, he fails to state a due process claim. It is well-established that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post[-]deprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). The United States Court of Appeals for the Fourth Circuit has held that the Virginia Tort Claims Act ("VTCA") and Virginia tort law provide adequate post-deprivation remedies for wrongful acts committed by state employees. *Wadhams v. Procunier*, 772 F.2d 75, 77–78 (4th Cir. 1985). Because Ward has an adequate post-deprivation remedy in state court,* he cannot establish a violation of his right to due process. *See Williams v. Crawford*, 449 F. App'x 288, 289 (4th Cir. 2011) (holding that the plaintiff's property "was not taken without due process" since he "had an adequate post-deprivation remedy under Virginia law for the allegedly wrongful confiscation").

To the extent Ward complains of missing legal documents, he also fails to state a First Amendment claim for denial of access to the courts. To state such a claim, a plaintiff must plead facts showing that he has suffered an "actual injury" as a result of the denial of access.

---

* The court notes that "Virginia's state courts have exclusive jurisdiction to hear VTCA claims." *Chamberlain v. Mathena*, No. 7:19-cv-00879, 2021 WL 789858, at *5 (W.D. Va. Mar. 1, 2021) (citing Va. Code Ann. § 8.01-195.4); *see also Creed v. Virginia*, 596 F. Supp. 2d 930, 938 (E.D. Va. 2009). To the extent Ward's complaint seeks relief under Virginia law, the court declines to exercise jurisdiction over any state-law claims and will dismiss them without prejudice. *See* 28 U.S.C. § 1367(c)(3).

*See Lewis v. Casey*, 518 U.S. 343, 351 (1996); *see also Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996) (en banc) (emphasizing that a prisoner must "identify an actual injury" resulting from the denial of access and "cannot rely on conclusory allegations"). Specifically, the plaintiff "must identify a 'nonfrivolous,' 'arguable' underlying claim" that has been frustrated or impeded as a result of the defendants' actions. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (quoting *Lewis*, 518 U.S. at 353 & n.3). In other words, "the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Id.*

Ward's complaint does not satisfy the actual-injury requirement of an access-to-courts claim. Although Ward asserts that he needs the missing legal documents for a habeas corpus case, he does not describe the documents or the claims they would purportedly support. Because Ward does not adequately allege that he has been hindered in pursuing a nonfrivolous claim, his complaint fails to state a claim for denial of access to the courts. *See, e.g.*, *Monroe v. Beard*, 536 F.3d 198, 206 (3rd Cir. 2008) (holding that the plaintiffs failed to state an access-to-courts claim where they "alleged that they lost the opportunity to pursue attacks of their convictions and civil rights claims but did not specify facts demonstrating that the claims were nonfrivolous").

## IV.

For the reasons stated, the court concludes that Ward's complaint fails to state a plausible claim for relief under 42 U.S.C. § 1983. Therefore, the court will dismiss the § 1983 complaint without prejudice under 28 U.S.C. § 1915A(b)(1). To the extent Ward intended to

assert claims under state law, the court declines to exercise jurisdiction over such claims and will dismiss them without prejudice under 28 U.S.C. § 1367(c)(3).

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to Ward.

**ENTERED** this 3rd day of August, 2021.

/s/ Thomas T. Cullen
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE